**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **MARCPARC VALET, INC.,** | * | |
| **PLAINTIFF,** | * | |
| **v.** | * | |
| | * | **CIVIL CASE NO.: PWG-13-3743** |
| **MICHAEL JASSER,** *et al.*, | * | |
| **DEFENDANTS.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

MarcParc Valet, Inc. filed this action in state court against its former employee, Michael

Jasser, and Jasser's current employer, MJ Valet, Inc., based on Jasser's alleged violations of the

non-solicitation and non-disclosure clauses of his employment agreement. Defendants removed

the case to this Court and now seek to transfer it to the U.S. District Court for the District of

Columbia. At the same time, Plaintiff seeks partial summary judgment as to Jasser's liability for

breach of contract based on Jasser's failure to respond to the discovery requests that Plaintiff

served in state court before removal.[1] Because Defendants have not met their burden of showing

that transfer is proper, I will not transfer this case. Additionally, because Defendants removed

the case before their discovery responses were due and they had a reasonable basis for believing

---

[1] Defendants Michael Jasser and MJ Valet, Inc. ("MJ") filed a Motion to Transfer Venue and Supporting Memorandum, ECF Nos. 11 & 11-1, and Plaintiff filed an Opposition, ECF No. 16. Defendants have not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). The Motion for Partial Summary Judgment as to Jasser's Liability (Count I) and Memorandum in Support that Plaintiff MarcParc Valet, Inc. ("MarcParc") filed has been fully briefed. *See* ECF Nos. 23, 23-1, 27 & 29. A hearing is not necessary on either matter. *See* Loc. R. 105.6. For the reasons stated in this Memorandum Opinion, Defendants' Motion is DENIED, and Plaintiff's Motion is DENIED WITHOUT PREJUDICE. Defendants' Motion to Dismiss, ECF No. 22, remains pending.

that, in this Court, they no longer were obligated to respond to the state court discovery requests, I am denying Plaintiff's motion for partial summary judgment without prejudice. Inasmuch as Defendants' Motion to Dismiss is still pending, it is the custom of this Court not to have discovery initiated until after dispositive motions have been resolved. Therefore, Defendants are not required to respond to the Rule 36 requests or other discovery filed at this time. If the Motion to Dismiss is denied, I will issue a Scheduling Order and a Discovery Order, and discovery will proceed in accordance with those orders.

## I.    DEFENDANTS' MOTION TO TRANSFER VENUE

A district court may transfer a civil action to another district or division pursuant to 28 U.S.C. § 1404(a), which Congress enacted "'to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Topiwala v. Wessell*, No. WDQ-11-543, 2012 WL 122411, at *6 n.21 (D. Md. Jan. 12, 2012) (quoting *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Whether to transfer is a matter of the district court's discretion. *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984); *Topiwala*, 2012 WL 122411, at *6.

The Court's first consideration is "whether the action could have been brought in the transferee district." *Topiwala*, 2012 WL 122411, at *6. Here, it is undisputed that Plaintiffs could have brought this action in the District of Columbia. Defs.' Mem. 2; Pl.'s Opp'n 3. Therefore, "the Court considers: (1) the weight accorded plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *Topiwala*, 2012 WL 122411, at *6 (footnotes omitted). Other relevant considerations include (1)

2

"'availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses'" and (2) "'local interest in having localized controversies settled at home.'" *Laureate Educ., Inc. v. Megahed*, No. AW-10-749, 2010 WL 2651895, at *10 (D. Md. July 1, 2010) (quoting *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004)). The Court weighs these factors, considering the specific facts of the case to determine whether "the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Topiwala*, 2012 WL 122411, at *6 (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006)). The statute does not indicate how much weight the Court should give to each factor. *See Byerson*, 467 F. Supp. 2d at 632; *Topiwala*, 2012 WL 122411, at *6 n.22. Notably, the burden is on Defendants to demonstrate, "by a preponderance of the evidence, . . . that transfer to another forum is proper." *Tse v. Apple Computer*, No. BEL-05-2149, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006). A court typically should not transfer a case out of the plaintiff's choice of forum "[u]nless the balance of these factors 'is strongly in favor of the defendant.'" *Topiwala*, 2012 WL 122411, at *6 n.22 (quoting *Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citation omitted)) (footnote omitted).

Defendants provide a single, two-sentence paragraph to support their argument for their motion:

> Here, venue is proper in the U.S. District Court for the District of Columbia because Defendant Jasser resides in Washington, DC and does business in Washington, D.C., Plaintiff has an office in and regularly does business in Washington, D.C., witnesses are located in Washington, D.C., and the contract at issue specifies District of Columbia law as the governing law. As such, the District of Columbia is the more convenient venue for all of the parties and witnesses.

Defs.' Mem. 2. This paragraph does not meet Defendants' burden of showing "'by a preponderance of the evidence that the proposed transfer will better and more conveniently serve

the interests of the parties and witnesses.'" *Stratagene*, 315 F. Supp. 2d at 771 (quoting *Helsel v. Tishman Realty Constr. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002)).  Indeed, Defendants fail to "'make a particularized showing'" or to provide any details, let alone "sufficient details" with regard to who may testify, what their testimony may be, and how they will be inconvenienced by traveling to Maryland.  *See Topiwala*, 2012 WL 122411, at \*7 n.28 (noting that "[w]itness convenience . . . cannot be assessed in the absence of reliable information identifying and specifically describing their testimony" because the court needs to be able "to assess the materiality of evidence and the degree of inconvenience") (citation and quotation marks omitted).  Given the proximity of the venues, neither venue can be said to be more or less convenient than the other.

Moreover, Defendants did not respond to Plaintiff's assertions that, while some factors weigh equally in favor of either venue, various factors favor Maryland.  *See* Pl.'s Opp'n 3–5. For example, Plaintiff chose this forum, and a plaintiff's choice of venue typically receives "'substantial weight.'"  *Topiwala*, 2012 WL 122411, at \*7 (quoting *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)); *see* Pl.'s Opp'n 3.  Plaintiff also asserts that it "is a Maryland corporation" and its key witnesses and "each wrongfully solicited client [that] will be a witness at trial" are all Maryland residents, such that "[a]dditional costs will be incurred should the parties have to file foreign subpoenas in order to compel witness to appear in the District of Columbia."  Pl.'s Opp'n 3–4.  Additionally, according to Plaintiff and uncontested by Defendant, "while Defendant Jasser does business in the District of Columbia, he and Defendant MJ Valet also do business in Maryland," *id.* at 5, and the "controversy developed in Maryland," such that "Maryland has a greater interest in regulating the conduct of business conducted within its borders," *id*. at 4.  As a result of setting forth so little by way of argument or fact, and failing

to respond to Plaintiff's Opposition, Defendants have not met their burden of showing that transfer is proper. *See Topiwala*, 2012 WL 122411, at \*6 n.22. *Tse v*, 2006 WL 2583608, at \*2; *Strategene*, 315 F. Supp. 2d at 771; *Helsel*, 198 F. Supp. 2d at 711. Therefore, Defendants' Motion is denied, and venue will remain in this Court.

## II.      PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

By way of background with regard to Plaintiff's Motion, Plaintiff filed a two-count complaint against Defendants in the Circuit Court for Montgomery County, Maryland in November, 2013, with the first count alleging that Mr. Jasser breached his employment contract with Plaintiff. Compl. 1 & 6–7, ECF No. 2. As is permitted in state court,[2] Plaintiff served discovery requests, including the state-court equivalent to Rule 36 requests for admission, along with the summons and complaint. Defs.' Opp'n 1. On December 9, 2013, before Defendants' discovery responses were due, Defendants removed to this Court. ECF No. 1. They did not respond to Plaintiff's requests for admission.

Plaintiff bases its Motion for Partial Summary Judgment on Mr. Jasser's failure to respond, contending that because he did not provide a timely response, "the admissions are deemed admitted" and "are conclusive evidence of Mr. Jasser's liability as to Plaintiff's claim for Count I, breach of contract." Pl.'s Mot. ¶¶ 1–2. Unencumbered by citation to any authority, Defendants counter that Plaintiff's "state court discovery requests that were served with the summons and complaint were rendered null and void when Defendants removed this case to federal court." Defs.' Opp'n 1. It is true that "[t]he vast majority of courts" have found that

---

[2] Fed. R. Civ. P. 26(d)(1) generally prohibits a party from initiating discovery until after counsel have conferred as required by Rule 26(f). It therefore prevents a plaintiff from serving discovery requests with a complaint. Md. Rule 2-401 does not contain the same restriction, so a plaintiff filing a complaint in Maryland Circuit Court may serve discovery requests with a complaint, as Plaintiff did here when it filed suit in Montgomery County Circuit Court.

"admissions requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal." *Steen v. Garrett*, No. 2:12-cv-1662-DCN, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013). Nonetheless, there is a divide among the district courts, in the Fourth Circuit and elsewhere, with some following the majority view and others holding that "requests for admission properly served in a state court case remain in force when the case is removed to federal court."  *Id.* at *2–3 (collecting and comparing cases).

Although the majority view militates in favor of Defendant's position, given that the issue is not settled in this Court, the more prudent approach would have been to file a motion for a protective order. *See* Fed. R. Civ. P. 26(c).  Even so, I cannot ignore the fact that discovery proceeds differently in federal court than in state court.  Unlike in state court, where discovery requests can be made simultaneously with service of the complaint and summons, *see* Md. R. 2-401, 2-424(b), discovery cannot commence in this Court until the parties have held a Rule 26(f) conference, *see* Fed. R. Civ. P. 26(d)(1).  Moreover, even if the state court deadline for responding to Plaintiff's requests applied and Defendants failed to respond within that deadline, I could, for good cause, allow Defendants the opportunity to respond.  *See* Fed. R. Civ. P. 26(c)(1)(B), 36(a)(3) & (b).  The authority Defendants cited certainly was sufficient to cause them to form a reasonable belief that they did not have to respond to the state court discovery requests once removal occurred.  And, even though Defendants would have been wiser to seek a protective order or other relief from the Court before ignoring the deadline for responding to Plaintiff's requests to admit, the result Plaintiff urges would be particularly harsh.  Further, cases are better decided on the merits than on procedural defects. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252 (4th Cir. 1999) (noting the "'federal rule policy of deciding cases on the basis of the

substantive rights involved rather than on technicalities'" (quoting 5A Charles Allen Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1357, at 360–67 (2d ed. 1990))). Consequently, Plaintiff's Motion for Partial Summary Judgment is denied without prejudice. Additionally, because it is the custom of this Court not to have discovery initiated until after dispositive motions have been resolved, and Defendants' Motion to Dismiss is still pending, Defendants are not required to respond to the Rule 36 requests or other discovery filed at this time.

## III.    CONCLUSION

In sum, Defendants' Motion to Transfer Venue is DENIED, Plaintiff's Motion for Partial Summary Judgment is DENIED WITHOUT PREJUDICE.

A separate Order will issue.

Dated:    April 1, 2014                                                      /S/
                                                                 Paul W. Grimm
                                                                 United States District Judge

lyb